Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6365 | **DATE** | 2/15/2002 |
| **CASE TITLE** | James Liautaud v. Generationxcellent, Inc., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. The court concludes that Count I satisfies both Rule 9(b) and the PSLRA and denies the motion to dismiss Count I of the First Amended Complaint [16].

(11) ■ [For further detail see order attached to the original minute order.]

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

JAMES LIAUTAUD, )
)
Plaintiff, )
) Case No. 00 C 6365
v. )
)
GENERATIONXCELLENT, INC., )
CHRISTOPHER CASEY, MICHAEL CASEY, ) Judge Joan B. Gottschall
and PAUL LEWAKOWSKI, )
)
Defendants. )

**DOCKETED**

**FEB 1 9 2002**

## MEMORANDUM OPINION AND ORDER

Defendants have moved to dismiss all counts of plaintiff's First Amended Complaint. Because Count I of the First Amended Complaint seeks to allege violations of sections 10(b) and 20(a) of the Securities Exchange Act of 1934, as well as Rule 10b-5, the motion to dismiss that count has the effect of staying all discovery in this action pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"). In order to get this case off first base, the court addresses the motion to dismiss as it respects Count I and for reasons set forth below, denies that portion of the motion. A decision on the remaining parts of the motion will be forthcoming.

As the court determined in its order of July 6, 2001, plaintiff's allegations concerning the misrepresentations made to him were sufficient to satisfy the standards of Rule 9(b), F.R.Civ.P. What was insufficient, in the court's view, were plaintiff's allegations of scienter. Under the PSLRA, the plaintiff is required to "state with particularity facts giving rise to a strong inference that the defendant acted with the requisite state of mind." 15 U.S.C. §78u-4(b)(2). The only allegation in the original complaint arguably satisfying this requirement was the allegation that

1

defendants were unable to substantiate the various representations they made to plaintiff. Plaintiff failed, however, to set forth any factual basis for the allegation that defendants were unable to substantiate their various representations to him. Indeed, as the court pointed out, plaintiff failed even to allege that he had *requested* substantiation.

Plaintiff's First Amended Complaint cures the problem the court pointed out. He now alleges that a month before filing this action, he explicitly demanded proof supporting defendants' material statements and was informed that there was no substantiation. In the court's view, these new allegations give rise to a strong inference of scienter, because it is virtually inconceivable that the statements were true or that defendants could have believed they were true in the absence of some documentation substantiating them.

Defendants do not challenge this concept at this juncture. Rather, they argue that the allegations concerning substantiation must be stricken under Rule 12(f) as "redundant, immaterial, impertinent, or scandalous" because they are based on statements and conduct "in compromise negotiations" and, used in this manner, violate Rule 408, F.R.Civ.P. The basis for this argument is that plaintiff's demand for substantiation came in a letter his counsel sent to defendants shortly before suit was filed (Ex. A to the First Amended Complaint), and that the letter stated at its top, "For Settlement Purposes Only." Plaintiff's counsel has informed the court that this legend was placed on the letter to ensure that defendants would not interpret plaintiff's demand for a refund as the limit of their potential liability. This explanation makes considerable sense, but in addition, it is clear from the substantiation statement itself that it is not an offer to compromise, but rather a demand and an ultimatum. The letter, in pertinent part, states, "[P]lease substantiate your client's representations with any contemporaneous documents

(e.g., correspondence from the investment banking firms, offer letters, etc.). Otherwise, I can only conclude that the representations were false and that my client is entitled to the remedies provided by federal and Illinois law relating to securities fraud and consumer protection." *See Zapata Hermanos Sucesores, S.A. v. Heathside Baking Co.,* 2000 WL 1809988 (N.D.Ill. Dec. 11, 2000), *1 (No. 99 C 4040) ("But as Zapata describes the parties' discussions antedating the lawsuit, those were not within the purview of Evidence Rule 408 at all. For one thing, they were not really compromise negotiations–instead they were collection efforts."); *Ullmann v. Olwine, Connelly, Chase, O'Donnell & Weyher,* 123 F.R.D. 237, 242 (S.D. Ohio 1987)(pre-filing communications of grievances and threats of litigation are not inadmissible under Rule 408). Not only is it clear from the wording of the letter that it is not an offer to compromise, but it is further clear that it was not made in compromise negotiations. There were no negotiations. Defendants never responded to the letter. Compromise negotiations are not unilateral.[1]

Even if the letter, due to its legend, is read as an offer to compromise, plaintiff's allegations concerning defendants' lack of substantiation also rest on a telephone conversation, and there is no evidence that anyone to the telephone conversation suggested (or even intended) that it was a settlement discussion. Plaintiff alleges that his counsel, shortly before filing this suit, contacted defendants by telephone and "was informed that there was no substantiation." (First Amended Complaint, ¶15). Defendants argue that the complaint's allegations indicate that the telephone call was a follow-up to the letter and, because, they maintain, the letter was part of settlement negotiations, the telephone call takes on the letter's complexion and is inadmissible

---

[1] The court need not address the issue of whether a party unilaterally attempting to open settlement negotiations risks having their statements used against them. Whatever plaintiff was attempting to do, defendants in this case were not engaged in compromise negotiations.

3

too. Since the court does not believe that the letter's request for substantiation and the defendants' failure to respond are barred by Rule 408, it is hardly inclined to strike the allegations concerning the subsequent telephone conversation.

Moreover, the parties' conversations and conduct relating to substantiation for the representations allegedly made by defendants to plaintiff are a paradigmatic case of otherwise discoverable evidence, explicitly made admissible by the terms of Rule 408. *See United States v. Hauert*, 40 F.3d 197, 200 (7th Cir. 1994). It cannot be disputed that if the parties had never discussed the issue of substantiation prior to the filing of the litigation, the first object of plaintiff's discovery in this case would be a request for substantiation of the alleged misrepresentations. Rule 408 states plainly that otherwise discoverable evidence is not excluded "merely because it was presented in the course of compromise negotiations." Rule 408 does not permit a party to immunize relevant evidence from admissibility merely because it was discussed in a settlement negotiation. The substantiation allegations, if true, can easily be proven independently of the challenged letter and telephone call. They accordingly will not be stricken.

Considering all the allegations of the First Amended Complaint, the court concludes that Count I satisfies both Rule 9(b) and the PSLRA and denies the motion to dismiss Count I of the First Amended Complaint.

ENTER:

JOAN B. GOTTSCHALL
United States District Judge

DATED: February 15, 2002